UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **KIMBERLY A. OLIPHANT,**<br><br>            Plaintiff,<br><br>     v.<br><br>**MARTIN O'MALLEY,**<br>Commissioner of Social Security,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)   **Civil Action No. 22-cv-00339-RMM**<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

**I.    BACKGROUND**

Plaintiff Kimberly A. Oliphant filed the Complaint in this action on January 31, 2022. *See* Compl., ECF No. 1. Defendant Commissioner of the Social Security Administration filed an Answer on April 28, 2022. *See* Answer, ECF No. 8. District Judge Colleen Kollar-Kotelly thereafter referred the case to Magistrate Judge Robin M. Meriweather for all purposes, including trial on May 16, 2022. *See* Referral Order, ECF No. 12; Referral Entry, May 16, 2022. The undersigned adopted the parties' Proposed Briefing Schedule on May 25, 2022. *See* Min. Order, May 25, 2022. The Commissioner thereafter reported to the undersigned that Ms. Oliphant's counsel, Mr. Peter Tyler Enslein, passed away on or around July 8, 2022; the Court entered an Order holding the briefing schedule in abeyance due to the recent passing of Ms. Oliphant's counsel. *See* Min. Order, July 11, 2022. On August 9, 2022, the Commissioner subsequently reported that attempts to reach Ms. Oliphant for the limited purpose of ascertaining whether Ms. Oliphant had retained new counsel had been unsuccessful. *See* Status Report, ECF No. 14. The

1

Court requested that the Commissioner file another status report by October 10, 2022 so she could attempt to reach Ms. Oliphant again. *See* Min. Order, August 10, 2022. On October 7, 2022, the Commissioner again reported that attempts to reach Ms. Oliphant via phone, email, and mail had been unsuccessful. *See* Status Report, ECF No. 15.

On February 17, 2023, the Court ordered Ms. Oliphant to explain on or before March 6, 2023, whether she intended to pursue the claims in this case and whether she intended to proceed *pro se* or to retain new counsel. *See* Order, ECF No. 18. On February 21, 2023, the Clerk's Office mailed a copy of this order to Ms. Oliphant at her last known address. *See* Docket Entry, Feb. 21, 2023. Ms. Oliphant failed to respond to that Order. On May 3, 2023, the Court ordered Ms. Oliphant to show cause on or before May 18, 2023, why this case should not be dismissed for failure to prosecute and warned Ms. Oliphant that failure to respond could result in dismissal. *See* Order, ECF No. 19. On May 3, 2023, the Clerk's Office mailed a copy of this order to Ms. Oliphant. *See* Docket Entry, May 3, 2023. As of the date of this Memorandum Opinion and Order, July 19, 2024, Ms. Oliphant has not responded to the Order or attempted to communicate with the Court in any way.

## II.   LEGAL STANDARD

A Court may dismiss a case if the plaintiff "fails to prosecute" the case. Fed. R. Civ. P. 41(b); Local Civ. R. 83.23. The authority to dismiss for failure to prosecute is "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). A dismissal for failure to prosecute is appropriate "if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (citations omitted). Courts typically consider the nature

and severity of the plaintiff's conduct, prejudice to the defendant, and whether less dire alternatives to dismissal are available. *See id.* Dismissal shall be made without prejudice unless the court determines that prejudice to the defendant requires otherwise. *See* Local Civ. R. 83.23.

Courts have dismissed actions by *pro se* litigants for the "repeated failure to respond to the Court's orders or in any way move forward on [a] case." *Holston v. Vance-Cooks*, No. 12-cv-1536, 2013 WL 5912475, at *1 (D.D.C. Nov. 5, 2013). "Courts allow leeway to parties proceeding *pro se* to ensure access to the judicial system even for those persons who lack an understanding of the procedural and substantive requirements of litigation." *Garlington v. D.C. Water & Sewer Auth.*, 62 F. Supp. 3d 23, 24 (D.D.C. 2014) (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)). In light of the leniency typically afforded to *pro se* parties, before dismissing a case, the court may consider that *pro se* parties do not have the same "acquaintance with the rules of the judicial process and the consequences risked by their infringement" as attorneys. *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 168 (D.C. Cir. 1990). However, this leniency does "not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure," a court's local rules, or a court's orders. *Moore v. Robbins*, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (internal quotation marks omitted); *Muhammad v. United States*, 16-cv-1079, 2019 WL 652400, at *3 (D.D.C. Feb. 15, 2019).

Dismissal for failure to prosecute is a "harsh sanction," however, and the court must demonstrate why such sanction "was necessary under the circumstances of the case." *Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (quoting *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1016 (D.C. Cir. 2004)). Indeed, dismissal should only be considered "after less dire alternatives have been tried without success." *Peterson*, 637 F.3d at 418–19 (quoting *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 187 (D.C. Cir. 1985)).

A "lengthy period of inactivity" may provide sufficient grounds for dismissal, particularly in the presence of other aggravating factors, such as a lack of excuse or failure to obey court orders. *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988). "Prejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (citing *Citizens Utils. Co. v. Am. Tel. & Tel. Co.*, 595 F.2d 1171 (9th Cir. 1979)). "[T]here is no hard and fast requirement that the party aggrieved by such unreasonable delay always presents specific evidence of the exact nature of the prejudice." *Shea v. Donohoe Const. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986).

### III.   ANALYSIS

Dismissal is warranted here. Ms. Oliphant has "not manifested reasonable diligence in pursuing [her] cause." *Bomate*, 761 F.2d at 714. Ms. Oliphant's failure to respond to any of the Court's requests or file anything further in over a year has resulted in a "lengthy period of inactivity." *Smith-Bey*, 852 F.2d at 594.

Dismissal is further warranted because the Court has repeatedly attempted to use "less dire alternatives." *Peterson*, 637 F.3d at 418. Ms. Oliphant has failed to comply with two Court Orders, one of which directed her to explain whether she intends to prosecute the case and whether she intends to obtain new counsel or proceed *pro se*, the other of which directed her to show cause why the case should not be dismissed; both orders warned Ms. Oliphant that failure to respond could result in dismissal. *See* Order, ECF No. 18; Order, ECF No. 19. The Court has taken these measures to ensure that Ms. Oliphant, who now appears to be proceeding *pro se,* has had ample opportunity to prosecute her case before resorting to dismissal. *See Allen v. United States*, 277 F.R.D. 221, 224 (D.D.C. 2011) (dismissing *pro se* plaintiff's case for failure to prosecute after providing warnings and additional time to file). Yet Ms. Oliphant has not had any

contact with the Court or shown any interest in pursuing this case since filing her Complaint. Dismissal without prejudice is therefore both justified under the circumstances and necessary for the efficient operation of the district courts. *See, e.g.*, *McCaskill v. Kijakazi*, No. 22-CV-1494-TJK-ZMF, 2023 WL 2914174 (D.D.C. Jan. 31, 2023) (dismissing case without prejudice where plaintiff failed to respond to court orders following his attorney's death); *Link*, 370 U.S. at 633–35 (finding no abuse of discretion for court's dismissal for failure to prosecute after plaintiff's counsel, "in the context of other evidence of delay," failed to appear at pretrial conference).

Accordingly, it is hereby

**ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute the case.

This is a final, appealable order. The Clerk of Court is directed to close the case.

**SO ORDERED.**


Dated: July 19, 2024

ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE